The Honorable Tim Hutchinson State Representative Box 933 Bentonville, AR 72712
Dear Representative Hutchinson:
This is in response to your request for an opinion regarding holiday compensation for police officers and firefighters. You have set forth several facts involving the City of Bentonville's procedures in this regard.
You note that firefighters and law enforcement officers are paid the holiday pay in one lump sum each December 15th and in prorated amounts each pay period, respectively. You also state that police officers and firefighters are compensated for the holiday as part of their regular compensation if their regular work week includes a holiday, that they receive no extra compensation if they do not work that holiday, and that they may take the holiday off if they are otherwise scheduled to work if they use accrued vacation or comp time, or treat it as unpaid leave.
You have asked the following specific questions:
 1. Are the officers and firefighters entitled to take the holiday off with pay when that holiday falls on their regularly scheduled work day?
 2. Are the procedures followed by the City of Bentonville the correct procedures?
 3. Are firefighters and officers entitled to additional time off as set forth above?
It must be initially noted in response to these questions that while State law establishes holiday compensation for law enforcement officers and firefighters [A.C.A. 14-52-105 and14-53-106 (Supp. 1987), respectively], these provisions do not offer authority for the proposition that the officers are entitled to take the holiday off if they were otherwise scheduled to work. Arkansas Code Annotated 14-52-105 (Supp. 1987) states in part as follows with respect to police officers:
 (a) All law enforcement officers regardless of their titles, such as city marshall, employed by cities of the first or second class or incorporate towns shall be compensated for all legal holidays established by the governing body of the municipality.
Section 14-53-106(a) (Supp. 1987) contains similar language with respect to firefighters. It is thus apparent that while these provisions mandate compensation for legal holidays, your question involving time off during holidays will require a review of department policy and/or local rules and regulations in this regard.
In response to your second question involving the procedures outlined in your correspondence, please note that I have enclosed a copy of Opinion No. 88-138 wherein several similar questions were addressed. It was concluded therein that holiday compensation must be extended to off-duty officers. This compensation is based on the officer's (or firefighter's) daily rate of pay and is in addition to the regular pay schedule. A.C.A. 14-52-105(b) and 14-53-106(b) (Supp. 1987). It must therefore be concluded that the City's procedures are subject to challenge if the holiday compensation is not provided to off-duty police officers or firefighters.
However, the manner in which the compensation is paid (on a specific date in December or at regular payroll intervals on a prorated basis) appears to be in accordance with A.C.A.14-52-105(d) and 14-53-106. And it was concluded in Opinion No.88-138 that the City may exercise discretion in electing different methods for police officers and firefighters, so long as there is a rational basis for the differentiation.
The answer to your final question will, similar to the first, turn on department policy and/or applicable rules and regulations. We cannot conclude as a matter of State law that firefighters and officers are entitled to this time off. This is properly addressed at the local level.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.